UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIELLE SADESKY, as Administratrix Ad Prosequendum of the goods, chattels and credits of Gerald Sadesky, Deceased,

                    Plaintiff,

-v-

LIBERTY CHEVROLET, INC. d/b/a BRONX HONDA, CONSTANCE J. PARAGON, and BERN OTCHERE-ADJEI,

                    Defendants.

Case No. 04-CV-1894 (KMK)

OPINION AND ORDER

---

APPEARANCES:

Jerome I. Katz, Esq.
Gair, Gair, Conason, Steigman & Mackauf
80 Pine Street
New York, NY 10005-1768
*Counsel for Plaintiff*

Marjorie E. Bornes, Esq.
330 West 34th Street
New York, NY 10001
*Counsel for Defendant Bern Otchere-Adjei*

Thomas M. Bona, Esq.
123 Main Street
White Plains, NY 10601
*Counsel for Defendants Liberty Chevrolet, Inc. and Constance J. Paragon*

KENNETH M. KARAS, District Judge:

      This diversity action arises out of a two-car collision in Manhattan. Plaintiff claimed diversity among the parties on the assumption, based on the police accident report, that defendant Bern Otchere-Adjei ("Otchere-Adjei") is a domiciliary of New York. (Letter of Jerome I. Katz, Esq. to the Court of Dec. 9, 2004, at 1) However, after counsel for Otchere-

Adjei expressed doubts about Plaintiff's theory of diversity jurisdiction and after Otchere-Adjei testified at his deposition in December 2004 that he has residences in both New York and New Jersey, Plaintiff submitted a letter to the Court questioning the Court's subject matter jurisdiction. Plaintiff now believes that Otchere-Adjei is a domiciliary of New Jersey, thus destroying diversity jurisdiction. Plaintiff seeks a remand of this case. (Letter of Jerome I. Katz, Esq. to the Court of Dec. 9, 2004, at 2)

In response to Plaintiff's jurisdictional challenge, Otchere-Adjei initially claimed that the place where he "votes and files taxes" may be "determinative of his domicile," and that he "defer[red] to the Court to determine this issue as a matter of law." (Letter of Marjorie E. Bornes, Esq. to the Court of Dec. 20, 2004) However, after a discovery dispute developed between the parties, defendant Otchere-Adjei asserted that his place of domicile was not clear and, therefore, the question of diversity jurisdiction was "an issue of fact which has not yet been determined." (Letter of Marjorie E. Bornes, Esq. to the Court of Jan. 19, 2005) (hereinafter "Bornes January Letter") In any event, defendant Otchere-Adjei asked the Court to resolve the discovery dispute before determining jurisdiction. (Bornes January Letter) Co-defendants Liberty Chevrolet, Inc. ("Liberty Chevrolet") and Constance J. Paragon ("Paragon") have joined in defendant Otchere-Adjei's application.[1] (Letter of James C. Miller, Esq. to the Court of Jan.

---

[1] Defendants claim that Plaintiff raised his concern about the Court's jurisdiction over this case only to avoid the federal discovery rules, which might otherwise require Plaintiff to produce certain witness statements. (Bornes January Letter) In fact, Defendants assert that these statements would not be discoverable under New York state law. (Bornes January Letter) Therefore, Defendants ask this Court to resolve the discovery dispute before turning to the question of jurisdiction. (Bornes January Letter) This the Court cannot do. *See Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("Although the parties did not raise the issue in their briefs on the merits, we must first consider whether we have jurisdiction to decide this case."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot

27, 2005)

  While all three Defendants now claim that the question of Otchere-Adjei's place of domicile is unclear, they have not disputed the veracity of Otchere-Adjei's deposition testimony. Nor have they offered any other evidence to even suggest there is a dispute as to the material facts regarding Otchere-Adjei's place of domicile. Instead, Defendants seem to be saying that the question of Otchere-Adjei's citizenship cannot be resolved as a matter of law due to his dual residences in New York and New Jersey. However, while it is clear from Otchere-Adjei's deposition that he has maintained two residences, that alone does not prevent the Court from resolving the question of diversity jurisdiction at this stage of the litigation. *See Nat'l Artists Mgmt. Co., Inc. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991) ("The determination of domicile is a mixed question of law and fact, and the district court may gather the evidence necessary to make a determination either by live testimony or by deposition and affidavit; the determination is one made by the court."). To the contrary, the undisputed facts, as recounted in Otchere-Adjei's deposition testimony, are more than sufficient to determine which of Otchere-Adjei's residences is his true place of domicile. Having carefully considered the matter, the Court concludes that the parties are not diverse and the action must be dismissed.

  According to the Complaint, on November 1, 2003, defendant Otchere-Adjei was operating a taxi that collided with a car operated by defendant Paragon and owned by her employer, defendant Liberty Chevrolet. As a result of the collision, Otchere-Adjei's taxi

---

proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *Gutierrez v. Fox*, 141 F.3d 425, 426 (2d Cir. 1998) ("Without jurisdiction, any decision or ruling by the court would be a nullity.").

mounted the sidewalk and fatally hit decedent, Gerald Sadesky, at Park Avenue and East 71st Street in Manhattan, New York. Plaintiff, Danielle Sadesky, is the daughter of the decedent, and brought this action as his Administratrix to recover damages for wrongful death and pain and suffering.

The Complaint claims diversity of citizenship among the parties as much as the decedent was a citizen of New Jersey and Defendants are allegedly citizens of New York. (Compl. ¶¶ 3-6); *see* 28 U.S.C. §§ 1332(a) and (c)(2); *Squires v. Nephrology Found. of Brooklyn, Inc.*, No. 99 Civ. 1143, 1999 WL 1495421, at *4 (E.D.N.Y. Dec. 27, 1999) ("For purposes of diversity jurisdiction, the legal representative of a decedent's estate is considered a citizen of the same state as the decedent.").

Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Although [a party] did not formally move to dismiss the petition for lack of subject matter jurisdiction . . . , this 'does not act to confer [federal] jurisdiction . . . since a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte*' by the court." *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 266 (2d Cir. 1996) (quoting *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988)) (alterations in original). "[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, the court may inquire by affidavits or otherwise, into the facts as they exist." *Land v. Dollar*, 303 U.S. 731, 735 n.4 (1947) (internal citations omitted), *overruled by implication on other grounds*, *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). Whether there is diversity is determined based on the facts at the time the complaint is

filed.  *See Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile. Domicile has been described as the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (quoting 13B Charles Alan Wright et al., Federal Practice and Procedure § 3612, at 526 (2d ed. 1984)) (internal citations omitted).  Thus, "[i]t is possible to reside at one place and be domiciled at another." *Young v. Century House Historical Soc'y*, 117 F. Supp. 2d 277, 280 (N.D.N.Y. 2000).  Domicile involves two elements: the party's physical presence in the state, and the intent to remain in the state indefinitely.  *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Metrokotsas v. United States Fleet Leasing, Inc.*, No. 90 Civ. 0656, 1990 WL 129193, at *1 (S.D.N.Y. Sept. 4, 1990).  The factors to be considered in determining domicile include: location of spouse and family; voting registration; payment of taxes; location of real and personal property (like furniture and automobiles); driver's license; location of bank account; place of employment; current residence; and location of a person's physician.  *Nat'l Artists Mgmt. Co., Inc.*, 769 F. Supp. at 1228; *see also Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 637 (E.D.N.Y. 2000) (listing as relevant factors: "'current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes . . . .'") (quoting 13B Charles Alan Wright et al., Federal Practice and Procedure § 3612, at 530-31 (2d ed. 1984)).

The undisputed facts are as follows.  Otchere-Adjei and his wife and four children have

5

had a home in New Jersey since approximately December 2002.[2] (Otchere-Adjei Dep. at 96-97) Otchere-Adjei pays the rent at this residence and returns there for the weekends after finishing work in New York. (Otchere-Adjei Dep. at 96-98) Otchere-Adjei paid his 2003 state income taxes in New Jersey (Otchere-Adjei Dep. at 100) and although he voted in New York at one time, he was registered to vote in New Jersey at the time of his deposition in December 2004 (Otchere-Adjei Dep. at 101). Following the collision, Otchere-Adjei filled his prescriptions at a New Jersey pharmacy.[3] (Otchere-Adjei Dep. at 117) He receives correspondence from family and friends in Ghana (his country of origin) at his New Jersey residence. (Otchere-Adjei Dep. at 115) The collection of these factors weighs heavily in favor of finding that, at the time the Complaint was filed, Otchere-Adjei's domicile was in New Jersey. *See Noreiga v. Lever Bros. Co., Inc.*, 671 F. Supp. 991, 994 (S.D.N.Y. 1987) ("The record before the Court indicates that plaintiff merely resides in New York while retaining her New Jersey citizenship. Simply moving to New York, while maintaining an official status in New Jersey, suggests that plaintiff did not have the requisite intent to establish New York as her place of domicile."); *see also Young*, 117 F. Supp. 2d at 282 (finding domicile in New York where plaintiff "spent the work week at his apartment in New Jersey and then returned to his condominium in New York on weekends");

---

[2] During his deposition, Otchere-Adjei testified that he and his wife were not separated or divorced and that they were not separated or divorced at the time of the accident. (Otchere-Adjei Dep. at 97, 120)

[3] Although Otchere-Adjei's testimony discusses only one set of prescription drugs (those Otchere-Adjei carried with him at the time of the deposition), Otchere-Adjei's counsel noted for the record that these were filled sometime after the collision. (Otchere-Adjei Dep. at 117) Given that Otchere-Adjei has had the same New Jersey residence since approximately December 2002, there is nothing in the record to suggest that he would have filled his prescriptions anywhere other than New Jersey either before or after this action began.

*United States v. Scott*, 472 F. Supp. 1073, 1079 (N.D. Ill. 1979) ("[T]he residence of a spouse and other family members is a highly persuasive indication of the place intended as a permanent home.") (citing *Broadstone Realty Corp. v. Evans*, 213 F. Supp. 261, 265 (S.D.N.Y. 1962)).

It is true that Otchere-Adjei is licensed to drive in New York (Otchere-Adjei Dep. at 101), stays during the week (without regularly paying rent) at a Brooklyn apartment owned by a friend (Otchere-Adjei Dep. at 94-95), and receives his work-related mail at this Brooklyn address (Otchere-Adjei Dep. at 100). However, these facts do not support the conclusion that New York is Otchere-Adjei's place of domicile. *See Greenblatt*, 265 F. Supp. 2d at 352 (noting that plaintiff's use of his son's apartment did not support claim that New York was his permanent domicile). Indeed, these facts only support the notion that Otchere-Adjei has maintained the appearance of being a New York resident in order to work as a New York taxi driver. *Cf. Young*, 117 F. Supp. at 281 ("Plaintiff worked and spent the majority of his time in New Jersey. However, the test for domicile is not where a person spends the majority of his time . . . . While plaintiff did spend a majority of his time in New Jersey, this directly correlates with working in New Jersey."). Thus, it is clear from his deposition testimony that since at least late 2002, Otchere-Adjei has treated his New Jersey home as his "principal establishment" and his New York address as an accommodation necessary to his employment in New York. Accordingly, the record demonstrates that New Jersey is Otchere-Adjei's place of domicile.

As previously noted, after learning these facts, the Court invited the parties to respond to the Court's concern that there was no diversity jurisdiction. Defendants Liberty Chevrolet and Paragon joined Otchere-Adjei in arguing that Otchere-Adjei is domiciled in New York because he stays in New York during the week, receives mail in New York, registered his car in New

7

York, and is licensed to drive in New York. They have offered no other facts, by way of affidavit or any other means. Thus, the only evidence regarding Otchere-Adjei's domicile is his deposition testimony. Although Defendants' factual assertions are supported by this testimony, when viewed in light of the testimony in its entirety, they do not undercut the conclusion that Otchere-Adjei is domiciled in New Jersey.

Thus, as the record demonstrates that Otchere-Adjei and Gerald Sadesky share the same domicile, there is not complete diversity among the parties and, consequently, there is no federal subject matter jurisdiction over this action. For this reason, the action is dismissed without prejudice to refiling the action in state court.[4] The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     April 27, 2005
           New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff asked that this case be remanded to state court. However, since the case was never removed therefrom, remand is not an option. See 28 U.S.C. § 1447 (providing for remand in appropriate cases "after removal").